UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ATELIER EUMORI,                                          :
                                                         :
                                  Plaintiff,             :
                                                         :
           -against-                                     :
                                                         :       24-CV-3531 (VEC)
ROADGET BUSINESS PTE. LTD., a Singapore                  :
private limited company; SHEIN DISTRIBUTION              :       ORDER
CORPORATION, a Delaware corporation; SHEIN               :
US SERVICES, LLC, a Delaware limited liability           :
company; SHEIN TECHNOLOGY LLC, a                         :
Delaware limited liability company; and FASHION          :
CHOICE PTE. LTD., a Singapore private limited            :
company,                                                 :
                                                         :
                                                         :
                                  Defendants.            :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 2, 2024, the parties appeared before the Court via teleconference to discuss multiple discovery disputes;

WHEREAS during the teleconference, Plaintiff argued that Defendants should be required to provide offline access to a portal on Defendants' website, which purportedly reveals "what information [D]efendants elicit from their vendors regarding proposed products and whether [D]efendants are asking the right questions with regard to whether those vendors own that intellectual property or not." Transcript of December 2, 2024, Teleconference ("Tr."), Dkt. 40, at 10:12–15;

WHEREAS Defendants argued that offline access was unnecessary because they have already provided "complete versions of the upload screenshots from the suppliers," which they report contains the relevant information. *Id*. at 11:20–22;

WHEREAS in *Keller v. Roadget Business Pte. Ltd. et al.*, No. 23-cv-10717, Magistrate Judge Netburn adjudicated a near-identical dispute between Defendants and a plaintiff represented by the same counsel as Plaintiff in this matter, and ordered Defendants to "provide all of the iterations [of] the vendor portal, or [to] copy it onto a separate platform so that the plaintiffs can play around with it without interfering with [Defendants'] business."  Transcript of July 16, 2024, Conference, *Keller v. Roadget Business Pte. Ltd. et al.*, No. 23-cv-10717, Dkt. 65, at 26:16–21;

WHEREAS Defendants in *Keller* ultimately "provided access to offline versions of the . . . portals."  September 19, 2024, Letter from Defendants, *Keller v. Roadget Business Pte. Ltd. et al.*, No. 23-cv-10717, Dkt. 84, at 1;

WHEREAS in *Fitzpatrick v. Roadget Business Pte. Ltd. et al.*, No. 1:23-cv-10592, Judge Furman adjudicated yet another near-identical dispute between Defendants and another plaintiff represented by the same counsel as Plaintiff in this matter, and denied the plaintiff's request for portal access upon Defendants' representation that "[a]n offline version of the portal does not exist, and Defendants should not be compelled to create it" and that "Defendants have produced the information that their suppliers uploaded to the portal."  October 22, 2024, Memo Endorsement on Defendants' October 16, 2024, Letter, *Fitzpatrick v. Roadget Business Pte. Ltd. et al.*, No. 1:23-cv-10592, Dkt. 58, at 2–3;

WHEREAS Defendants in this case argued that the screenshots it produced to Plaintiffs were "just like [the ones] in the case of *Fitzpatrick*."  Tr. at 12:2–3;

WHEREAS Plaintiff argued that the screenshots Defendants provided were insufficient because they failed to indicate the full range of questions that Defendants ask prospective vendors about their products.  *Id.* at 12:15–13:4;

WHEREAS Defendants represented that they would submit a letter to the Court containing samples of the screenshots they have provided to Plaintiff, with the text translated into English. *Id.* at 15:19–16:22; and

WHEREAS as of the date of this Order, Defendants have not submitted a letter to the Court containing sample screenshots.

IT IS HEREBY ORDERED that, not later than **tomorrow, December 10, 2024**, Defendants must submit sample screenshots, consistent with Defendants' representation at the December 2, 2024, teleconference. If Defendants fail to do so, they must provide Plaintiff with direct access to the vendor portal, or to an offline version of it, not later than **Friday, December 13, 2024**.

**SO ORDERED.**

Date: **December 9, 2024**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**