


A Technology & Innovation Law Firm

**MEMO ENDORSED**

Scott P. Shaw
949-330-0202
sshaw@merchantgould.com

March 7, 2025

*VIA ECF*

The Honorable Valerie E. Caproni
United States District Court
500 Pearl Street, Chambers 1930
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2025

Re:   ***Atelier Eumori v. Roadget Bus. Pte. Ltd. et al.***
      Case No. 1:24-cv-3531 (VEC)

Dear Judge Caproni:

We represent Defendants Roadget Business Pte. Ltd., Shein Distribution Corporation, Shein US Services LLC, Shein Technology LLC, and Fashion Choice Pte. Ltd. (collectively "Defendants") in connection with the above-referenced lawsuit. Defendants submit this letter with Plaintiff's consent in compliance with Your Honor's Individual Practices and specifically as to the directive governing Requests to Redact or File under Seal (Individual Practices 5(A) *et seq.*).

Defendants are filing their Motion for Partial Summary Judgment with supporting documents, including a Declaration from myself that will include financial records that are designated Highly Confidential subject to the Protective Order. (Dkt. 17.) These records include highly sensitive financial information as well as private customer identifying information. The records to be filed under seal will be attached as Exhibit B to the Declaration of Scott Shaw, which will be filed in support of the Defendants' Motion for Partial Summary Judgment. A redacted version of Exhibit B will be filed contemporaneously.

Courts in this Circuit recognize the confidentiality of a litigant's business information as a "competing consideration" that can merit sealing. *Mark v. Gawker Media LLC*, No. 13-cv-4347 (AJN), 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (summary order) (affirming district court sealing order premised on a conclusion "that NASD's interest in protecting confidential business information outweighs the qualified First Amendment presumption of access"). *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) ("The demonstration

March 7, 2025
Page 2

of a valid need to protect the confidentiality of sensitive business information ... may be a legitimate basis to rebut the public's presumption of access to judicial documents.").

Furthermore, Courts will seal records that contain customer information that is immaterial to the lawsuit and due to privacy interests of third parties. *See*, *e.g.*, *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (concluding that third-party names should be redacted because this information was "immaterial" to motion for summary judgment);  *In re Google Dig. Advert. Antitrust Litig.*, No. 21-MD-3010, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (approving redaction of Google employee names because their privacy interest "outweighs the strong presumption of public access").

The parties are available for a conference call if the Court has any questions or suggestions with regard to the foregoing request to seal.

Thank you for your consideration of this matter.

Respectfully submitted,

Scott P. Shaw
*Attorney for Defendants*

---

Application GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.  The Court appreciates the need to redact identifying information about customers.  It is unclear, however, why it would be appropriate to redact the other sales data contained in the spreadsheet.  Accordingly, not later than **Wednesday, March 12, 2025**, Defendants must either file a publicly accessible version of Exhibit B that redacts only the names and addresses of customers, or file a letter explaining in greater detail why the other information Defendants wish to redact is sufficiently sensitive to warrant redaction.

SO ORDERED.

3/10/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE