**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ATELIER EUMORI, | : | |
| | : | |
| *Plaintiff*, | : | Case No. 1:24-cv-3531 (VEC) |
| | : | |
| v. | : | |
| | : | |
| ROADGET BUSINESS PTE. LTD., a | : | |
| Singapore private limited company; | : | **PLAINTIFF ATELIER EUMORI'S** |
| SHEIN DISTRIBUTION | : | **COUNTERSTATEMENT OF** |
| CORPORATION, a Delaware | : | **UNDISPUTED MATERIAL** |
| corporation; SHEIN US SERVICES, | : | **FACTS PURSUANT TO FED. R.** |
| LLC, a Delaware limited liability | : | **CIV. P. 56 and LOCAL CIVIL** |
| company; SHEIN TECHNOLOGY LLC, | : | **RULE 56.1** |
| a Delaware limited liability company; and | : | |
| FASHION CHOICE PTE. LTD., a | : | |
| Singapore private limited company, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

Pursuant to Federal Rule of Civil Procedure 56 and Southern District of New York Local Rule 56.1, Plaintiff Atelier Eumori, by its attorneys Kushnirsky Gerber PLLC, submits this response to the Statement of Undisputed Material Facts filed by Defendants Roadget Business Pte. Ltd., Shein Distribution Corporation, Shein US Services LLC, Shein Technology LLC, and Fashion Choice Pte. Ltd. (collectively "Defendants") [ECF No. 59] in connection with their March 7, 2025 Motion for Partial Summary Judgment and identifies supplemental undisputed material facts in support of Plaintiff's Cross-Motion for Partial Summary Judgment and Opposition to Defendants' Motion for Partial Summary Judgment.

1.    Plaintiff Atelier Eumori ("Plaintiff") is a design company owned and operated by Calandra (Zhi Xin) Wong, an artist and illustrator based in Singapore. (Dkt. 1, ¶ 19.)

**Plaintiff's Response**: Admitted.

2.    In its Complaint, Plaintiff alleges Defendants have infringed five enamel pin designs: (i) the Social Battery Pin; (ii) the Mood Tracker Sliding Enamel Pin; (iii) the Caffeinated Status Coffee Sliding Enamel Pin; (iv) the Yes & No Moth Tarot Spinning Enamel Pin; (v) and the Rainbow Yes & No Moth Tarot Spinning Enamel Pin. (Dkt. 1, ¶ 31.)

**Plaintiff's Response**: Admitted.

3.    Of the five designs asserted, Plaintiff only alleges that one has been timely registered: the Social Battery Pin, U.S. Reg. No. VA 2-369-855, which has an effective date of August 2, 2023, and a publication date of April 28, 2023. (Dkt. 1, ¶ 32; Request for Judicial Notice ("RJN"), ¶ 1, Ex. N.)

**Plaintiff's Response**: Plaintiff admits that it alleges that the Social Battery Pin has been timely registered. Plaintiff admits that it obtained U.S. Reg. No. VA 2-369-855 for the Social Battery Pin, which has an effective registration date of August 2, 2023. Declaration of Vanessa Sorrentino (hereinafter, "Sorrentino Decl.") ¶ 4, Exhibit C. Plaintiff admits that the publication date listed on U.S. Reg. No. VA 2-369-855 is April 28, 2023, but Plaintiff disputes that the Social Battery Pin was indeed published on this day. Sorrentino Decl. ¶ 4, Exhibit A (Wong Day 1. Dep. Tr. 19:6-7; 25:8-10; 74: 10-18); ¶¶ Sorrentino Decl. ¶¶ 6, 8, 10, 14, 16-18, Exhibits E, G, M, O-Q.

4.    Defendants made a U.S. sale of a product accused of infringing the Social Battery Pin copyright as early as June 10, 2023. (*See* Dkt. 1, ¶ 86 (listing 152 SKUs as "Shein *Social Battery Pin* Infringing Products"); *see also* Declaration of Scott Shaw ("Shaw Decl.") ¶ 2, Ex. B.)

**Plaintiff's Response**: Admitted, based on Defendants' representations that the sales data they have produced is complete and accurate.

5.    Plaintiff alleges that it owns copyright registrations for the Mood Tracker Sliding Enamel Pin, U.S. Reg. No. VA 2-394-891, the Caffeinated Status Coffee Sliding Enamel Pin, U.S.

Reg. No. VA 2-396-503, and the Yes & No Moth Tarot Spinning Enamel Pin, U.S. Reg. No. VA 2-396-501 – all with effective dates of March 7, 2024 (RJN, ¶¶ 2-4, Exs. O-Q) – but Plaintiff is not seeking statutory damages or attorneys' fees for the Mood Tracker Sliding Enamel Pin, the Caffeinated Status Coffee Sliding Enamel Pin, or the Yes & No Moth Tarot Spinning Enamel Pin, because Defendants sold allegedly infringing products prior to March 7, 2024. (Shaw Decl., ¶ 2, Ex. B; RJN, ¶¶ 2-4, Exs. O-Q.)

**Plaintiff's Response**: Admitted, based on Defendants' representations that the sales data they have produced is complete and accurate.

6.      In the final quarter of 2022, Ms. Wong sketched the design for the Social Battery Pin, and later hand drew the two-dimensional design on her computer. (*See* Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 68:11-14); Ex. D (Wong Day 2 Dep. Tr. at 117:12-118:16).)

**Plaintiff's Response**: Plaintiff admits that in 2022, Ms. Wong initially sketched the design for the Social Battery Pin by hand on paper, and later hand drew the design on her computer using a stylus. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 47:9, 18-19, 23); Sorrentino Decl. ¶ 3, Exhibit B (Wong Day 2 Dep. Tr. at 117:24-24; 118:2-16). Plaintiff disputes Defendants' characterization of the design as "two-dimensional," as Plaintiff obtained a copyright registration for its three-dimensional jewelry design. Sorrentino Decl. ¶¶ 4-5, Exhibits C-D.

7.      Ms. Wong submitted the two-dimensional computer design and specifications to a manufacturer to produce an initial production run of 100 Social Battery Pins (*i.e.,* 50 white pins and 50 black pins). (*Id.* at 118:17-119:1, 135:8-12.)

**Plaintiff's Response**: Plaintiff admits that Ms. Wong submitted the design and specifications to a manufacturer to produce an initial production run of 100 Social Battery Pins. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 63:25; 64:1-2; 68:7-14). Plaintiff disputes

Defendants' characterization of the design as "two-dimensional," as Plaintiff obtained a copyright registration for its three-dimensional jewelry design. Sorrentino Decl. ¶¶ 4-5, <u>Exhibits C-D</u>.

8.      Ms. Wong did not receive an assignment of rights from the manufacturer of the three-dimensional Social Battery Pin, and Ms. Wong did not have any written agreement with the manufacturer regarding ownership of copyrights. (*Id.* at 119:2-120:23.)

**Plaintiff's Response**: Plaintiff admits that there were no written agreements between Ms. Wong and the manufacturer, as none were required.

9.      When Ms. Wong received the first 100 Social Battery Pins from the manufacturer, she took photographs and videos of them. (*See* Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 73:5-74:1).)

**Plaintiff's Response**: Admitted.

10.      In or around April 26-28, 2023, Mr. [sic] Wong paid to have photographs and videos posted on Instagram and Facebook, and engaged in organic social media and online marketing and promotion on TikTok, YouTube, and Twitter/X. (*See* Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 27:14-25; 38:6-8).)

**Plaintiff's Response**: Plaintiff admits that on or around April 26-28, 2023, Plaintiff made various posts on the social media platforms Instagram, Facebook, TikTok, YouTube, and Twitter/X, which Ms. Wong characterized as "organic posting on social media." Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. 21:24-25; 23:12-13); Sorrentino Decl. ¶¶ 6, 8, 10, 14, 16-18, <u>Exhibits E, G, M, O-Q</u>. Plaintiff admits that Ms. Wong paid Meta in connection with some of the Instagram and Facebook posts. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. 23:16-25; 24: 4-6).

11.    The purpose of her posting photographs and videos of the Social Battery Pin on April 28, 2023, was to market and promote the pins so that prospective customers would purchase them. (*Id.* at 78:4-12; Shaw Decl., ¶ 3, Ex. D (Wong Day 2 Dep. Tr. at 135:13-18).

**Plaintiff's Response**: Plaintiff disputes Defendants' characterization that "[t]he purpose of [Ms. Wong] posting photographs and videos of the Social Battery Pin on April 28, 2023, was to market and promote the pins so that prospective customers would purchase them." Instead, Plaintiff posted photographs and videos of the Social Battery Pin and Plaintiff's other original, interactive enamel pins on social media to increase "brand awareness" and so people would follow Plaintiff's Kickstarter prelaunch page. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 28:10-14, 30:2-7, 79:8-25; 80:1-3; 83:15-22).

12.    Individually and collectively, the Instagram, Facebook, TikTok, YouTube, and Twitter/X are large platforms that reach a public audience of likely over billions of viewers. (*See* Shaw Decl., ¶¶ 6, 8, 10-11, Exs. G, I, K, L [the relevant text quoted in the Memorandum of Law is highlighted in the Exhibits for the Court's convenience]; RJN, ¶¶ 5-8).

**Plaintiff's Response**: Plaintiff admits that Instagram, Facebook, TikTok, YouTube, and Twitter/X are large platforms used by many people. Plaintiff can neither confirm nor deny Defendants' contention that these platforms "reach a public audience of likely over billions of viewers."

13.    On April 26, 2023, Ms. Wong posted a picture of the Social Battery Pin on Instagram to promote and market it to prospective purchasers, which went "viral." (*See* Shaw Decl., ¶ 4, Ex. E.; Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 16:9-18:7; 28:4-8; Shaw Decl., ¶ 3, Ex. D (Wong Day 2 Dep. Tr. at 126:7-129:16.) Her Instagram posts included a reference to the Kickstarter campaign in the caption: "The Social Battery Pin is now launched on Kickstarter! Link

in bio." (Shaw Decl., ¶ 4, Ex. E.) Ms. Wong's Instagram posts also included a hashtag that read "#enamelpinsforsale" that she inserted. (*Id.*)

 **Plaintiff's Response**: Plaintiff admits that on April 26, 2023, Plaintiff posted an Instagram "Reels" video displaying the Social Battery Pin to its Instagram account. *See* Shaw Decl. ¶ 4, Exhibit E [ECF No. 60-5 at 3]. Plaintiff disputes Defendants' characterization that Plaintiff made this post "to promote and market [the pin] to prospective purchasers." Instead, Plaintiff posted photographs and videos of the Social Battery Pin and Plaintiff's other original, interactive enamel pins on social media to increase "brand awareness" and so people would follow Plaintiff's Kickstarter prelaunch page. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 28:10-14, 30:2-7, 79:8-25; 80:1-3; 83:15-22). Plaintiff does not dispute that its products "went viral" on social media. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 17:18-25, 18:1). Plaintiff admits that the videos it posted on TikTok and Instagram had the most views. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 28:7-8). Plaintiff admits that it posted the same video on different social media platforms around the same time. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 17:23-24). Plaintiff admits that her April 26, 2023 Instagram "Reels" video had the caption, "This pin will be part of my Interactive Enamel Pin Kickstarter, launching on 12 May 9 am EST/9pm SGT!" *See* Shaw Decl. ¶ 4, Exhibit E [ECF No. 60-5 at 3]. Plaintiff admits that this caption also included a hashtag reading "#enamelpin #enamelpins #enamelpinsforsale." *Id*. Plaintiff admits that on April 28, 2023, Plaintiff posted another Instagram "Reels" video displaying the Social Battery Pin on its Instagram account. *See* Shaw Decl. ¶ 4, Exhibit E [ECF No. 60-5 at 2]; Sorrentino Decl. ¶ 6, Exhibit E. Plaintiff admits that it edited the caption of this post on May 12, 2023 to read, "The Social Battery pin is now launched on Kickstarter! Link in bio. I'm the original artist of this pin." *Id.*

14.    On April 28, 2023, Ms. Wong posted a video on Facebook to promote the Social Battery Pin and market it to prospective purchasers. The Facebook short video shows the Social Battery Pins that Ms. Wong's manufacturer sent her in 2022. It also shows a comment from a prospective purchaser asking, "when do you launch". (*See* Shaw Decl., ¶ 3, Ex. D (Wong Day 2 Dep. Tr. at 124:12-126:16); Shaw Decl., ¶ 5, Ex. F.)

**Plaintiff's Response**: Plaintiff admits that on April 28, 2023, Plaintiff posted a Facebook "Reels" video displaying the Social Battery Pin on its Facebook account. *See* Shaw Decl. ¶ 5, Exhibit F [ECF No. 60-6 at 2]; Sorrentino Decl. ¶ 16, Exhibit O. Plaintiff disputes Defendants' characterization that it made this post "to promote and market it to prospective purchasers." Instead, Plaintiff posted photographs and videos of the Social Battery Pin and Plaintiff's other original, interactive enamel pins on social media to increase "brand awareness" and so that people would follow Plaintiff's Kickstarter prelaunch page. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 28:10-14, 30:2-7, 79:8-25; 80:1-3; 83:15-22). Plaintiff admits that a person commented on this video, "When do you launch???" *See* Shaw Decl. ¶ 5, Exhibit F [ECF No. 60-6 at 2]; Sorrentino Decl. ¶ 16, Exhibit O.

15.    On April 28, 2023, Ms. Wong posted a video of the Social Battery Pin on TikTok video to promote and market it to prospective purchasers, which went "viral." (*See* Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 16:9-18:7; 28:4-8); Shaw Decl., ¶¶ 7-8, Exs. H-I.)

**Plaintiff's Response**: Plaintiff admits that on April 28, 2023, Plaintiff posted a video displaying the Social Battery Pin on its TikTok account. *See* Shaw Decl. ¶ 7, Exhibit H [ECF No. 60-8 at 2]; Sorrentino Decl. ¶ 17, Exhibit P. Plaintiff disputes Defendants' characterization that it made this post "to promote and market it to prospective purchasers." Instead, Plaintiff posted photographs and videos of the Social Battery Pin and Plaintiff's other original, interactive enamel

pins on social media to increase "brand awareness" and so people would follow Plaintiff's Kickstarter prelaunch page. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 28:10-14, 30:2-7, 79:8-25; 80:1-3; 83:15-22). Plaintiff does not dispute that its products "went viral" on social media. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 17:18-25, 18:1). Plaintiff admits that the videos it posted on TikTok and Instagram had the most views. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 28:7-8).

16.     On April 28, 2023, posted a video on YouTube to promote the Social Battery Pin and market it to prospective purchasers. (*See* Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 27:14-25); Shaw Decl., ¶ 3, Ex. D (Wong Day 2 Dep. Tr. at 139:6-140:12, 142:18-143:16); Shaw Decl., ¶ 9, Ex. J.)

**<u>Plaintiff's Response</u>**: Plaintiff admits that Plaintiff posted a video displaying the Social Battery Pin on its YouTube account. *See* Shaw Decl. ¶ 9, <u>Exhibit J</u> [ECF No. 60-6 at 2]; Sorrentino Decl. ¶ 13, <u>Exhibit L</u>. Plaintiff cannot confirm or deny that this video was posted on April 28, 2023 because the date is not shown on Shaw Decl. ¶ 9, <u>Exhibit J</u> [ECF No. 60-6 at 2]. Plaintiff disputes Defendants' characterization that it made this post "to promote and market it to prospective purchasers." Instead, Plaintiff posted photographs and videos of the Social Battery Pin and Plaintiff's other original, interactive enamel pins on social media to increase "brand awareness" and so people would follow Plaintiff's Kickstarter prelaunch page. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 28:10-14, 30:2-7, 79:8-25; 80:1-3; 83:15-22).

17.     On April 28, 2023, Ms. Wong posted the Social Battery Pin on Twitter/X to promote and market it to prospective purchasers. (*See* Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 27:14-25); Shaw Decl., ¶ 12, Ex. M.)

**<u>Plaintiff's Response</u>**: Plaintiff admits that on April 28, 2023, Plaintiff posted an image displaying the Social Battery Pin, in addition to Plaintiff's other original, interactive pins, on its Twitter/X account. *See* Shaw Decl. ¶ 12, <u>Exhibit M</u> [ECF No. 60-12 at 2]; Sorrentino Decl. ¶ 18, <u>Exhibit Q</u>. Plaintiff disputes Defendants' characterization that Plaintiff did this "to promote and market it to prospective purchasers." Instead, Plaintiff posted photographs and videos of the Social Battery Pin and Plaintiff's other original, interactive enamel pins on social media to increase "brand awareness" and so people would follow Plaintiff's Kickstarter prelaunch page. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 28:10-14, 30:2-7, 79:8-25; 80:1-3; 83:15-22).

18.    On May 12, 2023, Plaintiff launched a Kickstarter campaign for the Social Battery Pin. Kickstarter allows people to pledge money in exchange for receiving a free product. Ms. Wong set a monetary goal of how much money she was seeking to raise for the Social Battery Pin, and within four minutes, she reached her goal, which she says was "a stroke of luck." (*See* Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 31:8-34:25, 79:8-13, 90:4-21).)

**<u>Plaintiff's Response</u>**: Plaintiff admits that on May 12, 2023, Plaintiff launched a Kickstarter campaign titled "Interactive Enamel Pins," which included the Social Battery Pin in addition to various other original, interactive enamel pins. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 19:6-7; 25:8-10); Sorrentino Decl. ¶¶ 6, 8, 10, 14, 16-18, <u>Exhibits E, G, M, O-Q</u>. Plaintiff disputes Defendants' characterization that, "Kickstarter allows people to pledge money in exchange for receiving a free product." Kickstarter is a crowd-funding website, in which people can "back" or "pledge" money to a creative project. Sorrentino Decl. ¶ 9-10, <u>Exhibits H-I</u>; Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 31:12-18). The project creator sets a funding goal, which is the amount needed to complete the project, and if the project is fully funded at the end of the fundraising period, then at that time the backers will be "charged," and the money

will be released to the creator. Sorrentino Decl. ¶¶ 10-11, <u>Exhibit I-J</u>; Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 33:23-25; 34:7-12). At some time thereafter the creator will begin to ship "rewards" – which are frequently tangible copies of the creative work being produced – to backers. Sorrentino Decl. ¶¶ 9-10, <u>Exhibits H-I</u>. Plaintiff admits that she set a monetary goal of how much money she was seeking to raise for the Social Battery Pin and reached this goal within four minutes of the Kickstarter campaign launching. *See* Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 31:25; 34:7-15). Plaintiff admits that Ms. Wong characterized reaching the goal in four minutes as "a stroke of luck." *See* Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 34:24).

19.    The Social Battery Pins that Plaintiff sold on May 12, 2023, were the same ones that she purchased in late 2022 from her manufacturer. No design changes were made. (*See* Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 71:25-72:6, 73:5-74:1).)

**Plaintiff's Response**: Plaintiff admits that it distributed ninety-nine of the 100 pins that Plaintiff ordered from its manufacturer in the last quarter of 2022 to the backers of its Kickstarter campaign. *See* Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 73:16-25; 74:1); ¶ 3, <u>Exhibit B</u> (Wong Day 2 Dep. Tr. at 125:19-25; 126:2-5). Plaintiff admits that no changes were made to the design of the Social Battery Pin after receiving the 100 pins from the manufacturer. *See* Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 70:3-5).

20.    Prior to May 12, 2023, the Social Battery Pins were offered for sale by Plaintiff on a pre-order basis. The only difference between the pre-order pledges "backing [Plaintiff's] product" and a regular sale is that the pre-order pledges have the ability to cancel their order during the Kickstarter campaign period. However, over fifty percent of the pre-order pledges were honored by final purchases of the pin prototypes by consumers. (*Id.* at 87:17-88:5, 90:24-91:3.)

**Plaintiff's Response**: Plaintiff disputes that the Social Battery Pin was offered for sale by Plaintiff on a pre-order basis prior to May 12, 2023. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 32:3-20; 74:2-4). The Kickstarter campaign was launched on May 12, 2023. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 19:6-7; 25:8-10); Sorrentino Decl. ¶¶ 6, 8, 10, 14, 16-18, Exhibits E, G, M, O-Q. This was the first opportunity that anyone could obtain Plaintiff's Social Battery Pin. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 32:3-20; 74:2-4). The Kickstarter campaign remained open until May 26, 2023. Sorrentino Decl. ¶ 8, Exhibit G. Backers of the Kickstarter campaign could technically cancel their "pledges" before the campaign ended. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 31:12-17); Sorrentino Decl. ¶ 13, Exhibit L. "Rewards," including copies of the Social Battery Pin, did not ship out to backers until the campaign ended on May 26, 2023. *Id.; see also* Sorrentino Decl. ¶ 9, Exhibit H. Plaintiff admits that less than fifty percent of backers cancelled their pledges between May 12, 2023 and May 26, 2023. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 90:18-25, 91:1-3).

21.     On August 2, 2023, Ms. Wong filed a copyright application for the Social Battery Pin and with her application, she submitted a photograph of the Social Battery Pin that she took from the initial production run of 100 pins that her manufacturer made for her.  (*See* Shaw Decl., ¶ 3, Ex. D (Wong Day 2 Dep. Tr. at 121:13-17; Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 69:13-18.)

**Plaintiff's Response**: Plaintiff admits that the deposit copy submitted with its application to register the copyright in the Social Battery Pin with the U.S. Copyright Office is a photograph of the Social Battery Pin that Ms. Wong took after receiving the initial set of 100 pins that she ordered from the manufacturer. *See* Sorrentino Decl. ¶ 3, Exhibit B (Wong Day 2 Dep. Tr. at 121:13-17); Sorrentino Decl. ¶¶ 4-5, Exhibits C-D.

22.    In her copyright application, she represented to the Copyright Office that the Social Battery pin was published on April 28, 2023. (RJN, ¶ 1, Ex. N).

**Plaintiff's Response**: Plaintiff admits that in its application to register the copyright in the Social Battery Pin with the U.S. Copyright Office, Plaintiff listed April 28, 2023 as the "publication date." Sorrentino Decl. ¶ 4, Exhibit C.

23.    During the December 8 deposition of Ms. Wong, she stated that the April 28, 2023, publication date listed on the Certification of Registration for the Social Battery Pin was a "mistake." (Shaw Decl., ¶ 3, Ex. C (Wong Day 1 Dep. Tr. at 74:10-18).)

**Plaintiff's Response**: Plaintiff admits that Ms. Wong stated during her December 8, 2024 deposition, "I think I made a mistake with that [publication] date." Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 74: 18).

24.    In her deposition on February 17, 2025, Plaintiff admitted that she has done nothing to correct the alleged mistake. (Shaw Decl., ¶ 3, Ex. D (Wong Day 2 Dep. Tr. at 121:21-122:20).)

**Plaintiff's Response**: Plaintiff admits that it notified Defendants and the Court about the incorrect publication date. *See* ECF No. 45.

25.    Plaintiff has not supplemented Rule 26 Disclosures or filed a Supplementary Copyright Registration to correct any purported errors in the Certification of Registration for the Social Battery pin. (*See* Shaw Decl., ¶ 13.)

**Plaintiff's Response**: Plaintiff admits that although it has not yet supplemented its Rule 26 Disclosures or filed a Supplementary Copyright Registration, Plaintiff intends to do so consistent with the Court's resolution of the parties' cross-motions.

## PLAINTIFF'S SUPPLEMENTAL STATEMENT OF MATERIAL FACTS

26.     In 2022, Ms. Wong created the original work titled Social Battery Pin. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 68:3-14).

27.     The Social Battery Pin is a three-dimensional enamel pin that contains hand-drawn original illustrations of numerous facial expressions and moods along with the words "MY SOCIAL BATTERY." Sorrentino Decl. ¶ 5, Exhibit D.

28.     The Social Battery Pin also includes an interactive hand-drawn lightning bolt slider that wearers of the pin can move to express or entertain themselves. Sorrentino Decl. ¶ 5, Exhibit D.

29.     Ms. Wong illustrated and designed all elements of the Social Battery Pin, including the shape of the pin and the interactive elements. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 47:9, 18-19, 23).

30.     Ms. Wong initially sketched the design for the Social Battery Pin by hand on paper. Sorrentino Decl. ¶ 3, Exhibit B (Wong Day 2 Dep. Tr. at 117:12-24).

31.     Ms. Wong later hand drew the design on her computer using a stylus. Sorrentino Decl. ¶ 3, Exhibit B (Wong Day 2 Dep. Tr. at 117:24-24; 118:2-16).

32.     During the "last quarter of 2022," once the design was complete, Ms. Wong submitted a test order of 100 pins to her manufacturer.  Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 63:25; 64:1-2; 68:7-14).

33.     Ms. Wong decided to start a Kickstarter project in connection with her new line of interactive enamel pins, including the Social Battery Pin. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 18:14-15).

34.     Kickstarter is a crowd-funding website, in which people can "back" or "pledge" money to a creative project. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 31:12-18); Sorrentino Decl. ¶ 9-10, <u>Exhibits H-I</u>.

35.     The project creator sets a funding goal or "target," which is the amount needed to complete the project. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 33:23-25; 34:7-12); Sorrentino Decl. ¶ 10, <u>Exhibit I</u>.

36.     If the project is fully funded at the end of the fundraising period, then at that time the backers will be "charged," and the money will be released to the creator. Sorrentino Decl. ¶ 11, <u>Exhibit J</u>.

37.     At some time thereafter the creator will begin to ship "rewards" – which are frequently tangible copies of the creative work being produced – to backers. Sorrentino Decl. ¶¶ 9-10, <u>Exhibits H-I</u>.

38.     If the project does not reach its funding goal, then backers are not "charged," the creator does not receive any money, and the entire project is effectively cancelled. Sorrentino Decl. ¶ 11, <u>Exhibit J</u>.

39.     It is not possible to "back" a project before it is launched. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 84:19-25; 86:15-18); Sorrentino Decl. ¶ 12, <u>Exhibit K</u>.

40.     At any time between when a project launches and ends, backers can also cancel their pledge. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 31:13-17); Sorrentino Decl. ¶ 13, <u>Exhibit L</u>.

41.     Plaintiff's Kickstarter project was the first channel via which the public could obtain a copy of the Social Battery Pin. Sorrentino Decl. ¶ 2, <u>Exhibit A</u> (Wong Day 1 Dep. Tr. at 32:7-20); Sorrentino Decl. ¶ 3, <u>Exhibit B</u> (Wong Day 2 Dep. Tr. at 138: 5-8).

42.     On or around April 28, 2023, Plaintiff created the prelaunch page for this Kickstarter project. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 85:1-4).

43.     The prelaunch page provided some information about the project and the pins, including a "hidden image and a title." Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 84:21-25; 85:7-11); Sorrentino Decl. ¶ 12, Exhibit K.

44.     The purpose of the prelaunch page was to allow people to follow Plaintiff's project and get notified when the project launched. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 84:21-25; 85:7-11; 86:15-18); Sorrentino Decl. ¶ 12, Exhibit K.

45.     People could not "back" the project by "pledging" money until the project was officially launched on May 12, 2023. Sorrentino Decl. ¶ 12, Exhibit K.

46.     On April 28, 2023, Plaintiff also posted photographs and videos of the Social Battery Pin on its social media accounts, including Instagram, Facebook, X (formerly known as Twitter), TikTok, and YouTube. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. 21:24-25; 23:12-13); Sorrentino Decl. ¶¶ 6, 8, 10, 14, 16-18, Exhibits E, G, M, O-Q.

47.     Plaintiff posted these photographs and videos for the purpose of raising "brand awareness" and encouraging people to follow the Kickstarter prelaunch page. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 28:10-14, 30:2-7, 79:8-25; 80:1-3; 83:15-22).

48.     In the captions of these various social media posts, Plaintiff urged people to follow the prelaunch page, explaining that the Kickstarter would launch on May 12, 2023. Sorrentino Decl. ¶¶ 6, 8, 10, 14, 16-18, Exhibits E, G, M, O-Q.

49.     Plaintiff edited the caption of its April 28, 2023 Instagram "Reels" post on May 12, 2023 to read, "The Social Battery pin is now launched on Kickstarter! Link in bio. I'm the original artist of this pin." Sorrentino Decl. ¶ 6, Exhibit E.

50.     On May 12, 2023, Plaintiff launched the Kickstarter project. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 19:6-7; 25:8-10); Sorrentino Decl. ¶¶ 6, 8, 10, 14, 16-18, Exhibits E, G, M, O-Q.

51.     Once it launched, Plaintiff's Kickstarter campaign was "fully backed" in four minutes. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 31:25; 34:7-15).

52.     Plaintiff ultimately distributed ninety-nine of the 100 pins that it obtained from its first manufacturing order to its Kickstarter project backers once the project was fully funded. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 73:16-25; 74:1); ¶ 3, Exhibit B (Wong Day 2 Dep. Tr. at 125:19-25; 126:2-5).

53.     At the end of May 2023, after Plaintiff launched its Kickstarter, Plaintiff also posted images of the Social Battery Pin to its website so that customers could pre-order copies of the pin via another channel. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 32:13-14); Sorrentino Decl. ¶¶ 7, 14-15, Exhibits F, M-N.

54.     No one was able to order or pre-order the Social Battery Pin prior to May 12, 2023 via Kickstarter or any other channel. Sorrentino Decl. ¶ 2, Exhibit A (Wong Day 1 Dep. Tr. at 32:7-20; 74:2-4); Sorrentino Decl. ¶ 3, Exhibit B (Wong Day 2 Dep. Tr. at 138: 5-8).

55.     On May 7, 2023, a YouTube user @ronmorey1246 left the following comment on Plaintiff's YouTube video: "I love the "My Social Battery" pin. How much are they because I would love to give them out to everyone in the family for Christmas." Sorrentino Decl. ¶¶ 14-15 3, Exhibit M-N.

56.     On June 28, 2023, Plaintiff responded to the comment left by YouTube user @ronmorey1246: "Hi Ron! Thank you so much for the enquiry. They are USD$23. You can

preorder it here: https://www.ateliereumori.com/product/second-preorder-the-original-social-battery-sliding-enamel-pin-black-and-white." Sorrentino Decl. ¶¶ 10-11 3, <u>Exhibit I-J.</u>

57.    On August 2, 2023, Plaintiff obtained U.S. Copyright Registration No. VA0002369855 for the Social Battery Pin. Sorrentino Decl. ¶¶ 14-15, <u>Exhibit M-N</u>.

58.    The original work of authorship protected by U.S. Copyright Registration No. VA0002369855 is "jewelry design." Sorrentino Decl. ¶¶ 4-5, <u>Exhibits C-D</u>.


Dated:    New York, New York            KUSHNIRSKY GERBER PLLC
          April 25, 2025

                                        By: _____
                                        Andrew Gerber
                                        Vanessa Sorrentino
                                        27 Union Square West, Suite 301
                                        New York, NY 10003
                                        (212) 882-1320
                                        vanessa@kgfirm.com
                                        andrew@kgfirm.com

                                        *Attorneys for Plaintiff Atelier Eumori*